# IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

MERRELL LOGISTICS, LLC; MERRELL TRANSPORT, LLC; AND SOUTHERN GLAZER'S WINE AND SPIRITS OF OKLAHOMA, LLLP, BY AND THROUGH MERRELL TRANSPORT, LLC,

    Plaintiffs,

vs.

DMFL EXPRESS, INC.; AND CANOPIUS US INSURANCE, INC.,

    Defendants.

**DISTRICT COURT FILED APR 19 2023**
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

CJ-2023-01404

Case No. _____

KELLY M. GREENOUGH

## PETITION

Plaintiffs, Merrell Logistics, LLC and Merrell Transport, LLC (collectively, "Merrell"); and Southern Glazer's Wine and Spirits of Oklahoma, LLLP ("SGWSOK") (collectively "Plaintiffs"), for their cause of action against Defendants, DMFL Express, Inc. ("DMFL") and Canopius US Insurance, Inc. ("Canopius") (collectively, "Defendants"), allege and state as follows:

## FACTS

1. Merrell Logistics, LLC is an Oklahoma limited liability company doing business in Tulsa County, Oklahoma.

2. Merrell Transport, LLC is an Oklahoma limited liability company doing business in Tulsa County, Oklahoma.

3. SGWSOK is an Oklahoma limited partnership doing business in Tulsa County, Oklahoma.

**EXHIBIT 1**

4. DMFL is a Florida for profit corporation doing business in Tulsa County, Oklahoma.

5. Canopius is a Delaware corporation doing business in Tulsa County, Oklahoma.

6. On or about November 17, 2022, Merrell brokered a transportation transaction whereby DMFL was to deliver cargo valued at $62,832.05 from Owensboro, Kentucky to Tulsa, Oklahoma for SGWSOK.

7. On or about November 22, 2022, DMFL took possession of the SGWSOK cargo in Owensboro, Kentucky; however, the cargo was never delivered to Tulsa, Oklahoma.

8. Merrell attempted to contact DMFL, and DMFL has failed to respond or account for the cargo.

9. Merrell reported the potential theft of the cargo to the Kentucky State Police on December 13, 2022. The case was assigned Case No. 28-22-0059 and still remains open with the Kentucky State Police.

10. Merrell paid SGWSOK for the lost cargo and received appointment as SGWSOK's attorney-in fact to pursue all claims related to the undelivered cargo.

11. DMFL insured the lost cargo with Canopius.

12. DMFL has not responded to Plaintiffs' claims and demands related to the cargo.

13. DMFL has not responded to Merrell for the benefit of the owner of the property.

14. Canopius provided insurance for the delivery of the cargo.

15. Canopius has refused to remit payment to Merrell despite insuring the delivery of the cargo.

## FIRST CAUSE OF ACTION
### (Loss of Cargo – Carmack Amendment)

16. Plaintiffs adopt and reallege the allegations contained in paragraphs 1 through 15 hereof.

17. DMFL is a shipper/carrier involved in interstate shipments.

18. The cargo was retrieved by DMFL in accordance with the agreement with Merrell and the bill of lading which was issued.

19. The cargo was in good condition at the time it was received by DMFL in Owensboro, Kentucky.

20. The cargo was never delivered by DMFL.

21. DMFL is liable to Plaintiffs for the loss of the cargo pursuant to 49 U.S.C. § 14706.

22. Plaintiffs' claim, pursuant to 49 U.S.C. § 14706, was made within nine (9) months of the shipment.

23. The cost of the cargo was $62,832.05.

24. Plaintiffs were caused to suffer actual damages in an amount to be determined at trial but believed to be $62,832.05 plus pre and post judgment interest.

## SECOND CAUSE OF ACTION
### (Breach of Contract – DMFL)

25. Plaintiffs adopt and reallege the allegations contained in paragraphs 1 through 24 hereof.

26. DMFL was retained by Merrell to deliver cargo from Kentucky to Oklahoma.

27. DMFL failed to deliver the cargo and it has failed to return the cargo to Merrell.

28. By the actions complained of herein, Defendants breached its contractual obligations to Merrell.

3

29. DMFL's actions in breach of its contract with Merrell caused Merrell to suffer actual damages in an amount to be determined at trial but believed to be in excess of the amount of $75,000.00.

### THIRD CAUSE OF ACTION
### (Conversion – DMFL)

30. Plaintiffs adopt and reallege the allegations contained in paragraphs 1 through 29 hereof.

31. SGWSOK was the owner of the lost cargo, and it had the right to possess that cargo.

32. DMFL intentionally took possession of the cargo and deprived Southern of the cargo.

33. SGWSOK did not consent to DMFL's possession of the cargo after DMFL failed to deliver the cargo to SGWSOK as agreed.

34. SGWSOK was harmed because of DMFL's conduct.

35. DMFL's conversion of SGWSOK's property caused SGWSOK to suffer actual damages in the amount to be determined at trial but believed to be in excess of the amount of $75,000.00.

### FOURTH CAUSE OF ACTION
### (Damage to Property)

36. Plaintiffs adopt and reallege the allegations contained in paragraphs 1 through 35 hereof.

37. By the conduct identified herein, DMFL caused damage to SGWSOK's property.

38. DMFL's damage to SGWSOK's property caused SGWSOK to suffer actual damages in the amount to be determined at trial but believed to be in excess of the amount of $75,000.00.

## FIFTH CAUSE OF ACTION
### (Breach of Contract – Canopius)

39. Plaintiffs adopt and reallege the allegations contained in paragraphs 1 through 38 hereof.

40. Canopius issued its cargo insurance policy to make compensation for lost or damaged property resulting from the operation of DMFL.

41. Plaintiffs have been damaged by the operation of DMFL.

42. Under Oklahoma law, Plaintiffs are third-party beneficiaries of the policy and proper parties to maintain an action upon the policy and recover the same.

43. Canopius has failed and refused to pay the claims submitted by Plaintiffs.

44. Canopius' failure and refusal to pay Plaintiffs' claim constitutes a breach of contract.

45. Plaintiffs have been damaged by Canopius' breach of contract in an amount to be determined at trial but believed to be in excess of $75,000.00.

## SIXTH CAUSE OF ACTION
### (Bad Faith – Canopius)

46. Plaintiffs adopt and reallege the allegations contained in paragraphs 1 through 45 hereof.

47. Canopius is the insurance carrier for DMFL.

48. Canopius is required under the insurance policy to pay Plaintiffs' claim for the lost cargo.

49. Canopius' refusal to pay the claim in full was unreasonable under the circumstances because it did not perform an investigation based upon Plaintiffs' loss.

50. Canopius alleges that it is not required to pay Plaintiffs' claim because DMFL has failed to contact Canopius regarding the claim.

51. DMFL has not responded to any attempt by Plaintiffs to contact DMFL, and it is not believed that DMFL will ever contact Canopius regarding the claim.

52. Canopius has no reasonable basis for refusing to pay the claim to Plaintiffs.

53. Canopius has not dealt fairly or in good faith with Plaintiffs.

54. The violation by Canopius of its duty of good faith and fair dealing was the direct cause of the injury sustained by Plaintiffs.

55. Plaintiffs have suffered actual damages in the amount to be determined at trial but believed to be in excess of the amount of $75,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Merrell Logistics, LLC; Merrell Transport, LLC and Southern Glazer's Wine and Spirits of Oklahoma, LLLP, request this Court to enter Judgment in their favor and against Defendants, DMFL Express, Inc. and Canopius US Insurance, Inc., follows:

1. On their First Cause of Action for Loss of Cargo against DMFL Express, Inc. and Canopius US Insurance, Inc. for their actual damages in an amount to be determined at trial but believed to be $62,832.05 plus pre and post judgment interest.

2. On their Second Cause of Action for Breach of Contract against DMFL Express, Inc. for their actual damages in an amount to be determined at trial but believed to be in excess of $75,000.00.

3. On their Third Cause of Action for Conversion against DMFL Express, Inc. for their actual damages in an amount to be determined at trial but believed to be in excess of $75,000.00.

4. On their Fourth Cause of Action for Damage to Property against DMFL Express, Inc. for their actual damages in an amount to be determined at trial but believed to be in excess of $75,000.00.

5. On their Fifth Cause of Action for Breach of Contract against Canopius US Insurance, Inc. for their actual damages in an amount to be determined at trial but believed to be in excess of $75,000.00.

6. On their Sixth Cause of Action for Bad Faith against Canopius US Insurance, Inc. for their actual damages in an amount to be determined at trial but believed to be in excess of $75,000.00.

7. For pre-judgment interest, post judgment interest, Merrell's costs and expenses incurred in prosecuting this action, including its attorneys' fees and such other and further relief as this court deems just and equitable.

Respectfully submitted,

Heath E. Hardcastle, OBA #14247
ALBRIGHT, RUSHER & HARDCASTLE
2600 Bank of America Center
15 West Sixth Street
Tulsa, OK 74119-5434
hehardcastle@arhlaw.com
Telephone: (918) 583-5800
Facsimile: (918) 583-8665

ATTORNEYS FOR PLAINTIFFS